

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS

AUSTIN 11, TEXAS

XXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable George B. Butler, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-6642

Re: Construing Article 4764a, V.A.C.S.,
as to whether a group insurance
policy issued to a financial in-
stitution is permitted to cover
the lives of any number of borrow-
ers from a financial institution
less than all of them and more
than 100 entrants annually.

We have carefully considered your letter of June 5, 1945,
requesting this department to render an opinion answering cer-
tain questions presented by you relative to Subdivision (3),
Section 1 of Article 4764a, Vernon's Annotated Civil Statutes
of Texas. Your questions substantially restated are as fol-
lows:

   1. May a group oplicy be issued covering the
      lives of any number of borrowers from a
      financial institution, less than all of
      them and more than fifty, and if so, what
      are the restrictions or regulations as to
      classification of such groups?

   2. Should the premiums on such group policy
      be paid by the financial institution out
      of its own funds, or may it collect pre-
      miums from the debtors for the purpose of
      paying such premiums?

Your first question necessarily calls for an interpre-
tation or construction of Subdivision (3) of Section 1 of the
foregoing statute, particularly the underscored portion of
said subdivision worded as follows:

   "Sec. 1.  The following forms of life insur-
   ance are hereby declared to be group life insur-
   ance within the meaning of this Act:

"(3)   Life insurance covering only the lives of all members of a group of persons numbering not less than fifty (50) at all times, who become borrowers from one financial institution, or who become purchasers of securities, merchandise, or other property from one vendor under agreement to repay the sum borrowed, or to pay the balance of the price of the securities, merchandise, or other property purchased, to the extent of their indebtedness to said financial institution or vendor, but not to exceed Ten Thousand Dollars ($10,000) on any one life, written under a policy which may be issued upon the application of and made payable to the financial institution or vendor or other creditor to whom such vendor may have transferred title to the indebtedness as beneficiary, the premium on such policy to be payable by the financial institution, vendor, or other creditor. Provided, that group life insurance issued under this classification shall not include annuities or endowment insurance. The requirements set out in Subsection 4 of Section 2 of this Act shall not apply to this Subsection."

It is noted that the foregoing Subdivision (3) of Section 1 of the statute is taken from House Bill No. 326, Chapter 349, of the General Laws, 48th Legislature, Act of 1943, p. 604, the caption of which amendatory act provides:

"AN ACT amending Section 1 of Chapter 101, Senate Bill No. 41, Acts of the Regualr Session of the Forty-second Legislature, as amended by Section 1 of Chapter 610, Acts of the Regular Session of the Forty-seventh Legislature, so as to make available group life insurance to employees of school districts in the State of Texas; and declaring an emergency."

Article 3, Section 35 of the Constitution, provides:

"No bill, (except general appropriation bills, ........) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

It will be seen from the caption of the foregoing House Bill No. 326 that same amended Section 1 of Article 4764a, V.A.C.S., but in doing so expressed the sole purpose of making available group life insurance to employees of school dis-

tricts in the State of Texas.  A paragraph authorizing such insurance is found added to Subdivision 1 of Section 1.  Section 2 of the Act, being the emergency clause, expresses the fact that there is no provision under the present law for school teachers and employees of the public school system to obtain group insurance, and the fact that the enactment of this act would make possible such group insurance, and the fact that such insurance would be for the interest of the public school system and the teaching profession of this State creates an emergency, etc.

The authorities are numerous to the effect that a caption of an act is deceptive and misleading which expresses a purpose to amend the statute in a certain particular when the body of the act goes beyond and purports to amend the prior law in other particulars.  New substantive matter contained in an amendment which is not germane or pertinent to that contained in the provision amended, is invalid as legislation upon a matter not expressed in the title of the amendatory act. 39 Tex. Jur. para. 48, pp. 102-4, and cases cited therein.

Where a statute operates as an amendment of an earlier law, the effect of holding it to be unconstitutional is to leave the original enactment in full force and effect.  Culberson vs. Ashford, 118 Tex. 491, 18 S.W. 585; 16 C.J.S. para. 101, p. 102, N. 61.

Prior to the foregoing 1943 amendment, Subdivision (3), Section 1 of said statue, as contained in House Bill 1061, Chap. 610, General Laws, 47th Legislature, Acts 1941, p. 1346, provided:

"Section 1.  . . . . .

" . . . . . .

"(3)  Life insurance covering only the lives of all members of a group of persons for not more than Ten Thousand Dollars ($10,000) on any one life, numbering not less than one hundred (100) new entrants to the group yearly, who become borrowers from one financial institution, or who become purchasers of securities, merchandise, or other property from one vendor under agreement to repay the sum borrowed, or to pay the balance of the price of the securities, merchandise, or other property purchased in installments over a period of not more than ten (10) years to the extent of their indebtedness to said financial institution or vendor, but not to exceed Ten Thousand Dollars ($10,000) on any one life, written under a

policy which may be issued upon the application of
and made payable to the financial institution or
vendor or other creditor to whom such vendor may
have transferred title to the indebtedness as bene-
ficiary, the premium on such policy to be payable
by the financial institution, vendor, or other
creditor. Provided, that group life insurance
issued under this classification shall not include
annuities or endowment insurance. The requirements
set out in Subsection 4 of Section 2 of this Act
shall not apply to this subsection."

It is apparent from the foregoing authorities and we so
hold that Subdivision (3) of Section 1of the statute as incor-
porated in the foregoing 1943 act and appearing in Vernon's
Annotated Civil Statutes, Supplemental Pocket Parts, 1944, is
invalid, thereby relegating us in this opinion to consider your
questions solely with reference to the original enactment of
Subdivision (3) as found in the earlier amendatory Act of 1941,
H. B. 1061, 47th Legislature, last above quoted.

By Section 1, Subdivision (3) of the 1941 Act applicable
to borrowers of a financial institution, permissible group in-
surance is defined as life insurance covering only the lives
of all borrowing members of a group of persons . . . numbering
not less than one hundred (100) new entrants to the group yearly.
The only restriction or limitation found in Subdivision (3) is
that such insurance shall not be issued for more than $10,000.00
on any one life; there must be 100 new entrants to the group
yearly; the insured indebtedness of a member, if payable in
installments, shall not exceed $10,000.00 over a period not
to exceed ten years and such group policy be issued upon ap-
plication of and made payable to the financial institution
or other creditor, transferee of the debt by the institution,
as beneficiary. It is further provided that the premium on
such group policy shall be payable by the financial institu-
tion or creditor transferee as beneficiary and that such
group life insurance shall not include annuities or endowment
insurance.

We find no language in Art. 4764a as enacted by the
42nd Legislature, Acts 1931, and as amended by Acts of 1941, or
any valid provisions of the 1943 Act, requiring or restricting
a group life insurance policy issued under Subdivision (3) to
cover all of the borrowers of a particular financial institu-
tion. Neither do we find in the Act any regulatory power
given the Life Insurance Commissioner expressly dealing with
such contractual relationships between the borrower of a
financial institution and the institution itself with refer-
ence to the applicant for a loan paying to such institution

a portion or all of the cost of such group policy insurance as applied to applicant's loan.

In view of our holding invalid Subdivision (3) of Section 1 of Article 4764a, V.A.C.S., as incorporated in Chapter 349, Acts 1943, 48th Legislature, and answering your question with reference to the prior law unrepealed by said amendment, Chap. 610, Acts 1941, 47th Legislature, General Laws, p. 1346, it is our opinion that a group policy issued under said Act is not required to cover the lives of all borrowers of a financial institution exceeding 100 new entrants yearly. More than one group policy may be issued upon separate application by a financial institution, setting forth a class bearing reasonable relation to and distinguishable from other policy groups, inclusive to members of such class or group of not less than 100 new entrants yearly. The premium on any such group policy is payable by the financial institution or beneficiary. Such financial institution is not prohibited from collecting from an applicant for a loan cost of such insurance as applied to and charged in making the particular loan to the borrower.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By s/Wm. J. R. King
Wm. J. R. King
Assistant

WmK:LJ:wc

APPROVED AUG 9, 1945
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

This Opinion Considered And Approved In Limited Conference